IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTINA MARY REYNOLDS, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CHESAPEAKE & DELAWARE BREWING HOLDINGS, LLC; CHESAPEAKE & DELAWARE BREWING PENNSYLVANIA HOLDINGS, LLC; IRON HILL BREWERY, LLC;  KEVIN FINN, MARK EDELSON, KEVIN DAVIES, and DOE DEFENDANTS 1-10.<br><br>Defendants. | Civil Action No.: 2:19-cv-02184-JS |

**APPROVAL ORDER AND JUDGMENT**

Upon consideration of the Parties' request for final approval of the Joint Stipulation of Settlement and Release Agreement ("Settlement Agreement") entered into by and between Plaintiff Christina Mary Reynolds ("Plaintiff" or "Reynolds"), on behalf of herself and the Settlement Class Members, and Defendant Chesapeake & Delaware Brewing Holdings, LLC, Chesapeake & Delaware Brewing Pennsylvania Holdings, LLC, and Iron Hill Brewery, LLC (collectively, "Defendants"), the Court orders and finds as follows:

1. Capitalized terms not otherwise defined in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of this lawsuit, Plaintiff, Settlement Class members, and Defendants.

3. The Court determines that the Plaintiff is asserting claims on behalf of herself and the Settlement Class for violations of applicable wage laws, including the Fair Labor Standards Act ("FLSA").

4. The Court determines that the Settlement, which includes the payment of Five Hundred Thousand U.S. Dollars, $500,000.00, on behalf of Defendants ("Settlement Amount"), has been negotiated vigorously and at arm's length by and between Class Counsel and Defendants' Counsel.  The Court further finds that at all times the Plaintiff has acted independently and that the Plaintiff and Class Counsel have fairly and adequately represented the Settlement Class in connection with the Litigation and the Settlement.  The Court further finds that the Settlement arises from a genuine controversy between the Parties and is not the result of collusion, nor was the Settlement procured by fraud or misrepresentation.

5. Pursuant to 29 U.S.C. § 216(b), the Court previously conditionally certified a FLSA collective class consisting of: All servers who have worked for Chesapeake & Delaware Brewing Holdings, LLC and Iron Hill Brewery, LLC at any one or more Iron Hill Brewery & Restaurant locations at any point from May 20, 2016, through the present who affirmatively opted-into this Action. After receiving a copy of the Prior Notice pursuant to the Court's prior order, over 360 individuals opted-into this case.  No evidence has been submitted to the Court that alters the Court's determination that certification of the collective class is appropriate.  As such, the Court hereby approves the maintenance of the Litigation as a collective action pursuant to 29 U.S.C. § 216(b).  In addition, the Court also hereby appoints the Plaintiff as the representative of the Settlement Class and Connolly Wells & Gray, LLP, and Carlson Lynch LLP as Class Counsel.

6. The Court determines that the Cover Letter which is to be transmitted to the Settlement Class, pursuant to the terms of the Settlement Agreement, is the best notice practicable under the circumstances and includes individual notice to all members of the Settlement Class. The Cover Letter, along with the posting of settlement materials on the website identified in the Cover Letter, provides Settlement Class members with a sufficient overview of this Settlement and the effects of the releases contained therein.

7. The Court finds that the Settlement is fair, reasonable, and adequate and in the best interests of the Plaintiff and the Settlement Class. Accordingly, the Court hereby approves the Settlement Agreement submitted by the Parties, including the Release of Claims set forth in Section 5 of the Settlement Agreement.

8. Based on the Settlement, the Court hereby dismisses the Complaint and the Litigation against Defendants with prejudice on the merits and judgment is entered pursuant to <u>Federal Rule of Civil Procedure 54(b)</u>.

9. As of the Effective Date, all release provisions within the Settlement Agreement shall be given full force and effect in accordance with each and all of their express terms and provisions including the Release of Claims set forth in the Settlement Agreement. As set forth in the Settlement Agreement, Participating Settlement Class Members are deemed to have released their claims under the Fair Labor Standards Act and applicable state laws as set forth in Paragraph 5.1 in the Settlement Agreement.

10. Class Counsel are hereby awarded attorneys' fees in the amount of __$166,666.00__ (the "Attorneys' Fees"). The Attorneys' Fees have been determined by the Court to be fair, reasonable, and appropriate. No other fees may be awarded to Class Counsel in connection with the Settlement Agreement absent subsequent Order of this Court.

Attorneys' Fees shall be paid to Class Counsel in accordance with the terms of the Settlement Agreement.

11. Class Counsel are hereby awarded reimbursement of expenses in the sum of ____$12,103.03____ (the "Attorneys' Expenses"). The Attorneys' Expenses have been determined by the Court to be fair, reasonable, and appropriate. No other costs or expenses may be awarded to Class Counsel in connection with the Settlement Agreement absent subsequent Order of this Court. Attorneys' Expenses shall be paid to Class Counsel in accordance with the terms of the Settlement Agreement.

12. The Court hereby further finds that the administrative expenses incurred by the Claims Administrator in administering this Settlement are necessary and reasonable. Accordingly, the Court hereby orders all such expenses to be paid in accordance with the terms of the Settlement Agreement.

13. The Plaintiff is hereby awarded a Service Payment in the amount of ____$5,000.00____. The Service Payment has been determined by the Court to be fair, reasonable, and appropriate. The Service Payment shall be paid to Plaintiff in accordance with the terms of the Settlement Agreement. The Plaintiff is also eligible for a share of the payment from the Settlement Amount as a member of the Settlement Class. Other than these payments, no other award shall be awarded to the Plaintiff in connection with the Settlement Agreement.

14. Defendants are hereby ordered to pay all other amounts as set forth in the Settlement Agreement.

15. No other amounts, not otherwise set forth in this Order, authorized by this Court or permitted or required under the Settlement Agreement, shall be paid from the Settlement

Amount.

16. The Court finds that the distribution of the Settlement Amount to Participating Settlement Class Members as submitted by the Parties is approved as fair, reasonable, and adequate. The Settlement Amount shall be distributed in accordance with the terms set forth in the Settlement Agreement.

17. In the event that the Settlement Agreement is terminated in accordance with its terms, this Order and Judgment shall be rendered null and void, ab initio, and shall be vacated nunc pro tunc, and this Action shall for all purposes with respect to the Parties revert to its status as of the day immediately before the execution of the Settlement Agreement. The Parties shall be afforded a reasonable opportunity to negotiate a new case management schedule.

18. The Court retains exclusive jurisdiction to enforce the terms and provisions of the Settlement Agreement and this Order.

19. The Parties are hereby ordered to comply with the terms of the Settlement Agreement and this Order.

**SO ORDERED**

BY THE COURT:

/s/ Juan R. Sanchez

_____
JUAN R. SÁNCHEZ, C.J.

Dated:  September 3, 2021